# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL LEVITZ, | ) |
| Appellant, | ) No. 69034-5-I |
| | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC.; | ) |
| CAPITAL ONE, NA; US BANK | ) |
| NATIONAL ASSOCIATION, as trustee | ) |
| for and CHEVY CHASE FUNDING | ) |
| LLC MORTGAGE-BACKED | ) |
| CERTIFICATES SERIES 2005-1; | ) |
| US BANK, N.A., as trustee for CCB | ) |
| LIBOR 2005-1 SERIES TRUST; | ) |
| DOES I through XX inclusive; and | ) |
| BISHOP WHITE MARSHALL & | ) |
| WEIBEL, PS, (f/k/a BISHOP WHITE | ) |
| AND MARSHALL, PS), | ) |
| | ) FILED: November 25, 2013 |
| Respondents. | ) |

GROSSE, J. — Dismissal of claims alleging fraud and violations of the deed of trust act, chapter 61.24 RCW, and the Consumer Protection Act, chapter 19.86 RCW, is proper when, as here, the claims all relate to a foreclosure proceeding and the proceeding never occurred, the plaintiff abandoned his wrongful foreclosure claim, and the plaintiff fails to show he was harmed by the alleged violations and fraud. Accordingly, we affirm.

## FACTS

On April 16, 1999, Inesa Levitz took title to a house located on 3718 East Alder Street, Seattle, Washington, 98122. The deed conveyed the property to "Inesa Levitz, a single person," even though she had been married to Michael Levitz since 1993.

On September 1, 2004, Inesa[1] borrowed $560,000 from Chevy Chase Bank, F.S.B. and signed a promissory note secured by a deed of trust on the East Alder Street house. Michael was not a party to either the note or the deed of trust, which identified the borrower as "Inesa Levitz, a single woman as her sole and separate property." The deed of trust identified the lender as Chevy Chase Bank, F.S.B., and the beneficiary as Mortgage Electronic Registration Systems (MERS), "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." First American Title Insurance Company was named trustee under the deed of trust. Chevy Chase Bank, F.S.B. later endorsed Inesa's note to "US Bank, N.A., as Trustee," and US Bank became the holder of the note.

In October 2008, Inesa became delinquent on the note. In June 2009, she and Michael separated. In June 2009, MERS, identified as nominee for Chevy Chase Bank, F.S.B., appointed Bishop White & Marshall, P.S. (Bishop White) as successor trustee to First American Title under Inesa's deed of trust. This appointment was recorded on July 1, 2009.

On July 17, 2009, Bishop White recorded and mailed a notice of trustee's sale to Inesa Levitz and "John Doe Levitz, Spouse of Inesa Levitz" at the East Alder Street address. The notice identified MERS, "acting solely as a nominee for Chevy Chase Bank, F.S.B. and its successors and assigns," as the entity to which the borrower's obligation was due. The notice also stated that notice of default had been given to the borrower, Inesa, on May 28, 2009.

On July 30, 2009, Capital One, N.A., acquired Chevy Chase Bank, F.S.B.

---

[1] To avoid confusion, the parties will be referred to by their first names.

Thereafter, Capital One, as agent for US Bank, serviced Inesa's loan on the note.

In August 2009, Michael filed for dissolution of his marriage.

On March 10, 2010, Bishop White received from Capital One a Foreclosure Loss Mitigation form indicating that Inesa's loan was in default. The completed formed mistakenly stated that "U.S. Bank, N.A. as trustee for CCB Libor Series 2005-1 Trust" was the beneficiary of Inesa's loan, when US Bank in fact owned the note as trustee for "the Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005-1."

On April 12, 2010, Bishop White mailed notices of default to Inesa Levitz and John Doe Levitz at the East Alder Street address. The amount of the loan delinquency was $74,384.07. The default notice mistakenly identified the note's owner as "U.S. Bank, NA as trustee for CCB Libor Series 2005-1 Trust, C/o [MERS] as nominee for Capital One, N.A. Bank, F.S.B. and its successors and assigns," instead of trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005-1, and directed tender of payoff monies to Bishop White. The default notice identified Capital One as the servicer of the obligation secured by the deed of trust.

On May 12, 2010, Michael recorded a Claim of Spouse in Community Real Property, referencing the East Alder Street property. On October 27, 2010, Michael obtained a Decree of Dissolution by default. The decree awarded him the East Alder Street house subject to all liens and encumbrances.

On March 17, 2011, Capital One prepared a Declaration of Ownership and provided it to Bishop White. The declaration stated that "US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-1 is the owner of the Promissory Note evidencing [Inesa's] loan," and "[t]he Note has not

been assigned or transferred to any other person or entity."

In April 2011, Bishop White mailed to Inesa Levitz and John Doe Levitz at the East Alder Street address, an Amended Notice of Foreclosure, and Amended Notice of Trustee's Sale to occur on June 10, 2011. The foreclosure notice stated that the amended notice of sale "is a consequence of default(s) in the obligation to US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-1, the Beneficiary of your Deed of Trust." The notices characterized the deed of trust as securing "an obligation in favor of [MERS], a separate corporation that is acting solely as a nominee for Chevy Chase Bank, F.S.B., and its successors and assigns." The notices also stated that the deed of trust "was assigned on March 25, 2011 to US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2005-1."

On May 11, 2011, Michael filed a complaint against MERS, US Bank, and Bishop White seeking a temporary restraining order and injunction against the June 10 trustee's sale. The complaint also sought damages for wrongful foreclosure, gross negligence, breach of the duty of good faith under the deed of trust act, and violations of the Consumer Protection Act (CPA). The trustee continued the sale to September 9, 2011 and ultimately cancelled the sale. Michael also served Capital One with the summons and complaint and Capital One filed an answer.

On July 14, 2011, the superior court vacated the Levitzs' dissolution decree, except to the extent that it dissolved the marriage. Michael appealed the order. In September 2012, this court upheld the order to vacate in an unpublished opinion and

awarded attorney fees to Inesa for a frivolous appeal.[2]

On April 19, 2012, MERS, Capital One, and US Bank moved to dismiss Michael's lawsuit, which had been pending for approximately 11 months. Bishop White joined in the motion. Michael had conducted no discovery and there were no foreclosure proceedings pending. The trial court granted the motion. Michael appeals.

ANALYSIS

Michael's appeal is limited to review of the trial court's dismissal of his claims of fraud, breach of the duty of good faith, and violations of the CPA; he does not seek review of the additional claims of wrongful foreclosure and negligence. Michael contends that the trial court erred by dismissing his claims for lack of standing because he had a community property interest in the East Alder Street house that was subject to the foreclosure sought by the defendants.

The trial court properly dismissed the claims. On this record, Michael fails to show that he was injured or prejudiced by any of the alleged conduct of the defendants. No foreclosure proceedings are being pursued against the property and he has abandoned his claim of wrongful foreclosure. The remaining claims that are subject to this appeal stem from the abandoned wrongful foreclosure claim and do not establish a claim for which relief can be granted.

The fraud claim alleges:

4.2 Defendants fraudulently recorded numerous documents relating to Plaintiff's aforementioned real property with the King County Recorder's Office.
4.3 Defendants made fraudulent assignments to unauthorized and/or illegal parties, and recorded such assignments with the King County Recorder's Office.

---

[2] In re Marriage of Levitz, noted at 170 Wn. App. 1018 (2012).

4.4    The existence fraud requires Defendants, jointly and severally, to produce the original promissory note, pursuant to the laws of Washington.

4.5    As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages in an amount to be determined at the time of trial.

The claim for breach of good faith and fair dealing alleges that the defendants breached their duty of good faith and fair dealing owed "to Plaintiff, the borrower," by failing to provide "Plaintiff with fair and honest disclosure of all facts that might be presumed to influence him in regards to his actions, including those facts favorable to a creditor and adverse to Plaintiff's interests as it relates to the Deed of Trust and Promissory Note which are the subject of this lawsuit." It further alleges that the defendants breached their "duty to report truthful and complete information on documents that they recorded in the records of King County, or failed to record in King County, as required by Washington law, and to act in conformity with the laws of the State of Washington relating to mortgage servicing." The CPA claim alleges:

6.5    The Defendants wrongfully caused to be sent, under RCW 19.16.250(15), et. seq., notices of default and debt collection letters in an attempt to collect various sums of money they claimed were owed, when in fact, under statute, Defendants knew or should have known that they could not legally take action against the Plaintiffs in violation of the Consumer Protection Act for which the Plaintiffs seek civil penalties as provided under the statute.

6.6.    Under the circumstances, where defendants have intentionally, willfully, and wantonly violated the Washington Deed of Trust Act, RCW 61.24, et. seq., Plaintiffs request that this Court, pursuant to RCW 19.86.090, award threefold actual damages as provided by the Statute.

Absent a foreclosure, Michael fails to show on this record any harm to him that resulted from this alleged fraud, provision of inaccurate information, failure to record, or defective notices. Indeed, the undisputed facts in the record establish that neither the deed of trust nor the promissory note identified Michael as grantor, beneficiary, or

borrower, Inesa defaulted on the loan, Michael made no loan payments, and Michael lived in the East Alder Street house rent free. We further note that, on this record, Michael has not established the community property interest upon which his claims are based. Michael points to the fact that Inesa purchased and refinanced the house during the marriage, despite her claiming to be a single woman at the time, and that he filed a claim of community property interest in the house in May 2010, before the divorce. While he acknowledges that the dissolution decree awarding him the house has since been vacated, he contends that this simply returns him to the position of having a community property interest in the house. But no judicial determination of that interest has been made since the vacation of the divorce decree, and without further facts in the record relating to the circumstances of the house purchase and refinance and the status of the marriage at that time, we cannot presume that he does in fact have such a legal interest.[3] Accordingly, the trial court properly dismissed the claims.

We affirm.

WE CONCUR:

---

[3] For example, if the parties were in fact separated at that time or the property was purchased with funds that were Inesa's separate property, she may have a claim that it is her separate property.

7